IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAUL WOODARD,

                Plaintiff,                ORDER

  v.

                                                         11-cv-660-slc

WAL-MART CORPORATION,

                Defendant.

---

      Plaintiff Raul Woodard has filed a proposed complaint. Plaintiff has asked for leave to proceed *in forma pauperis* and has supported his request with an affidavit of indigency. The standard for determining whether plaintiff qualifies for indigent status is the following:

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.
- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.
- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.
- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.
- Substantial assets or debts require individual consideration.

      In this case, plaintiff has one dependant. His monthly income is $1,600 and his wife's monthly income is $800. Under Wisconsin's marital property laws, plaintiff's wife's income is considered to be plaintiff's as well. Thus, plaintiff has a monthly income totaling $2,400, which makes his annual income $28,800. Plaintiff's balance comes to $25,100 after subtracting $3,700 for his dependant. Because plaintiff's income falls in the $16,000 to $32,000 range, he

must prepay half of the $350 fee for filing this case. Once payment has been received, the court will review the merits of plaintiff's complaint to determine whether one or more claims must be dismissed as frivolous or malicious, for failure to state a claim on which relief may be granted or because plaintiff is seeking money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

ORDER

IT IS ORDERED that plaintiff Raul Woodard may have until October 31, 2011, in which to submit the $175 prepayment of the filing fee for this lawsuit. If, by October 31, 2011, plaintiff fails to submit this prepayment, the clerk of court is directed to enter judgment dismissing this case without prejudice for plaintiff's failure to prosecute it.

Entered this 7th day of October, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge